UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTIN CARPENTER,

    Plaintiff,

v.                                                      Case No: 8:18-cv-1622-T-36AEP

FOREST RIVER, INC.,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon the Plaintiff's Motion to Remand (Doc. 6), and Defendant's response in opposition (Doc. 14). In the motion, Plaintiff argues that Defendant has not met its burden to establish that the amount in controversy meets the jurisdictional minimum. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion to Remand.

    **I.    Background**

On June 7, 2018, Plaintiff filed a one-count complaint alleging breach of an express warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq*. against the Defendant, Forest River, Inc. in state court. *See* Doc. 2. Plaintiff's claim derives from Defendant's alleged failure to repair defects on a recreational vehicle (the "RV"). *Id*. Plaintiff purchased the RV for $179,999. *Id*. at ¶ 8. The Complaint seeks damages for diminution of the RV's value, costs of repair, incidental and consequential damages, interest, attorneys' fees and costs. *Id*. at ¶ 51.

## II. Legal Standard

"[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).

To invoke the Court's jurisdiction on a claim brought under the MMWA, the amount in controversy must be at least $50,000, exclusive of interests and costs. 15 U.S.C. § 2310(d). Specifically, the MMWA provides:

> (1)[A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—
> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.
> . . . . .
> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit....

15 U.S.C. § 2310(d).

## III. Discussion

In deciding whether the amount in controversy is less than $50,000 under 15 U.S.C. § 2310(d)(3)(B), the Eleventh Circuit's decisions addressing the amount in controversy requirement in diversity cases under 28 U.S.C. § 1332(a) are instructive. The Eleventh Circuit has held that where a plaintiff specifically claims less than the requisite jurisdictional amount in controversy in

state court, then no jurisdiction exists on the face of plaintiff's claim. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Generally, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). If plaintiff asserts subject matter jurisdiction in federal court "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal" *Id*.

However, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). But a defendant removing an action to federal court is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir. 2010). And the Court gives great weight to a plaintiff's assessment of the value of the case. *Burns*, 31 F.3d at 1095.

Courts also use reasonable deductions, inferences, and other extrapolations to determine the amount in controversy. *Roe v. Michelin N. Am., Inc.,* 613 F. 3d 1058, 1061-62 (11th Cir. 2010). Courts must not "suspend reality or shelve common sense." *Id*. (citing *Pretka*, 608 F.3d at 770). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *S. Fla. Wellness, Inc. v. Allstate Ins. Co*., 745 F.3d 1312, 1315 (11th Cir. 2014) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

Defendant contends that because Plaintiff made a settlement demand of $181,000, *see* Doc. 14-3, it has met its burden to establish the threshold amount in controversy. The Court is

unpersuaded. Generally, pre-suit demand letters can be used to support the amount in controversy in a removal; but they are not dispositive. *See Golden v. Dodge–Markham Co.*, 1 F.Supp. 2d 1360 (M.D. Fla. 1998); *Lamb v. State Farm Fire Mut. Auto. Ins*. Co., No. 3:10-CV-615-J-32JRK, 2010 WL 6790539, *2 (M.D. Fla. Nov. 5, 2010). Instead, to determine whether the amount in controversy is satisfied, courts have analyzed whether demand letters merely reflect "puffing and posturing," or whether they provide "specific information to support the plaintiff's claim for damages" and thus offer a "reasonable assessment of the value of [the] claim." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F.Supp. 2d 1279, 1281 (S.D. Ala. 2009) (internal marks and omitted).

Here, the demand was an offer for Defendant to repurchase the RV and pay Plaintiff's fees and costs in exchange for a mutually agreeable release and dismissal with prejudice. Doc. 14-3 at 2. The Plaintiff based the settlement calculation on the following: $171,000 to pay the balance of the outstanding RV loan, $10,000 in damages to Plaintiff and $4,000 in attorneys' fees. *Id*. Plaintiff's attorney calculated an "offset for use of $9,153.010."[1] *Id*. Significantly, the calculation is not based on a diminution of value or the costs of repairs. Thus, the demand letter does not provide sufficient information to establish that the required amount in controversy has been met at this time.

Defendant's reliance on *Verneus v. AXIS Surplus Ins. Co*., 16-21863-CIV, 2016 WL 8813984, at *3 (S.D. Fla. Nov. 8, 2016), *report and recommendation adopted*, 16-21863-CIV, 2017 WL 1536053 (S.D. Fla. Feb. 22, 2017) is unpersuasive. Although the Court considered the Plaintiff's demand letter as evidence of the amount in controversy, that letter included an affidavit from the defendant insurance company's representative with an estimate prepared by plaintiff's

---

[1] Although Plaintiff purchased the RV for $179,999, his total costs at purchase was $190,153.01 ($189,877.31 financing -$17,724.30 negative equity+$2,000 deposit + $16,000 cash payment). Doc. 14-3.

4

pubic adjuster which established a net figure of $83,219.54 at issue. *Id*. The figures came solely from the Plaintiff's agent and the letter was sent to the defendant prior to the lawsuit. Here, there are only settlement proposals from Plaintiff's attorney which reflect mere puffery and posturing.

Further, Florida law allows the Plaintiff to recover the cost of repair to the RV or the diminution in the RV's value attributed to the defective work. *See Grossman Holdings Ltd. v. Hourihan*, 414 So. 2d 1037, 1039 (Fla. 1982). *See also* Fla. Stat. § 672.714(2) ("The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."). This measurement of damages provides the owner with the appropriate remedy under a breach of contract claim— the "benefit of the bargain." *See Lindon v. Dalton Hotel Corp.*, 49 So. 3d 299, 305 (Fla. 5th DCA 2010).

Generally, a successful plaintiff does not occupy a better position than he would have if the defendant performed the contract. *Katz Deli of Aventura, Inc. v. Waterways Plaza, LLC*, 183 So. 3d 374, 379 (Fla. 3d. DCA 2013). *See also Matthews v. James Hardie Bldg. Products, Inc.*, 3:16-CV-378-MCR-EMT, 2017 WL 6994567, at *3 (N.D. Fla. Nov. 21, 2017) (holding that the defendant did not satisfy amount in controversy when it included costs of repairs and the diminution of value in its amount in controversy estimates); *Stewart v. Ford Motor Co.,* 08-80755-CV, 2008 WL 11333508, at *2 (S.D. Fla. Nov. 3, 2008) ("[A] refund is not relief available under a limited warranty, but instead, the calculation of damages under the MMWA is limited to the price of a replacement vehicle minus both the present value of the allegedly defective car and the value that plaintiff received from use of the car."). *See also Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1271–72 (11th Cir. 1998) (affirming Florida district court's dismissal of

complaint for failure to establish requisite amount in controversy for MMWA claim based on warranty for car purchased for $15,979.44).

The Court has neither an estimate of the cost of the repairs made thus far, nor the diminution in value of the RV. Defendant has not met its burden by a preponderance of the evidence to show that the amount in controversy exceeds the jurisdictional minimum.[2] Therefore, Plaintiff's motion is due to be granted, and the case remanded to the Circuit Court in Pinellas County.[3]

**Accordingly, it ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 6) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court in and for the Sixth Judicial Circuit in and for Pinellas County, Florida.

3. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

4. The Clerk is further directed to terminate all pending deadlines and motions and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on August 15, 2018.

_Charlene Edwards Honeywell_
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

---

[2] In its Notice of Removal (Doc. 1), Defendant also asserts that diversity jurisdiction exists. Plaintiff has likewise failed to show that the amount in controversy exceeds $75,000.
[3] In its Notice of Removal (Doc. 1), Defendant requests the opportunity to conduct discovery and present oral argument in support of removal of this action. These requests are denied. Defendant can conduct discovery in the state court. Further, oral argument is not needed.